CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA ·
FILED

AUG 18 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Paula Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>JERRY WALLACE CARTER,<br><br>*Defendant.* | CRIMINAL NO. 6:09-CR-00006-001<br><br>MEMORANDUM OPINION<br><br>HON. NORMAN K. MOON<br>UNITED STATES DISTRICT JUDGE |

At Defendant's sentencing hearing, I heard argument from the parties regarding the appropriate sentence of imprisonment. After carefully considering the arguments presented at the hearing, the pre-sentence investigation report, and the factors set forth in 18 U.S.C. § 3553(a), I imposed a sentence of, among other things, 144 months imprisonment. Because this sentence is lower than the advisory guideline range of 262 to 327 months, I write separately from the judgment order to explain the reasons why such a sentence was warranted in Defendant's case.

Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. The pre-sentence report calculated Defendant's sentencing guidelines, using the 2008 sentencing guideline manual, as follows: a base offense level of 30, based on 147 grams of cocaine base, and a three-level downward adjustment for acceptance of responsibility. However, because Defendant has at least two prior felony convictions of a controlled substance offense and a crime of violence, the career offender guideline increased the offense level to 37, which reduced by three levels for acceptance of responsibility results in a total offense level of 34, and placed Defendant in criminal history

category VI. *See* U.S.S.G. § 4B1.1. The pre-sentence report noted that Defendant faced a mandatory minimum term of imprisonment of 10 years,[1] pursuant to 21 U.S.C. § 841(b)(1)(A), but that, based on Defendant's total offense level of 34 and his criminal history category of VI, the advisory guideline range was 262 to 327 months. I found that the pre-sentence report correctly calculated the applicable guidelines in this case; however, I imposed a sentence below the guidelines range for the following reasons.

The sentencing guidelines are advisory. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). While they "should be the starting point and the initial benchmark" for calculating a sentence, they "are not the only consideration" that a district court should entertain at sentencing. *Id.* at 596. After giving both the defendant and the Government an opportunity to argue for an appropriate sentence, a district judge should consider the factors set forth in 18 U.S.C. § 3553(a). *Id.* Section 3553(a) implores a court to "impose a sentence sufficient, but not greater than necessary," to comply with the four different purposes of punishment: deterrence, rehabilitation of the Defendant, retribution ("to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"), and incapacitation ("to protect the public from further crimes of the defendant."). 18 U.S.C. § 3553(a)(2). In making such a determination, a district court must also consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," the kinds of sentences available, the advisory Guidelines range, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §§ 3553(a)(1)-(6). A court "may not presume that the Guidelines range is reasonable" and "must

---

[1] In exchange for Defendant's guilty plea, the Government opted not to file an information pursuant to 21 U.S.C. § 851 for a prior felony drug conviction, which would have subjected Defendant to an increased statutory penalty of 20 years to life.

-2-

Case 6:09-cr-00006-NKM-RSB Document 60 Filed 08/18/09 Page 2 of 5 Pageid#: 88

make an individualized assessment based on the facts presented" at sentencing. *Gall*, 128 S. Ct. at 596-97.

At the sentencing hearing, counsel for Defendant argued that I should calculate the guideline range based on the guideline for powder cocaine rather than crack cocaine. Defendant argued that the U.S. Department of Justice has recently instituted a policy to oppose the powder/crack disparity in sentencing, and to suggest that courts impose sentences for crack cocaine offenses based on the powder cocaine guidelines. Defendant proposed that I should reject the current crack cocaine guidelines, and should instead apply the guideline for the same weight of powder cocaine. Counsel for the Government did not oppose applying the powder cocaine guideline range.[2]

The Supreme Court has recently affirmed that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Spears v. United States*, 129 S.Ct. 840, 843-44 (2009). In *Spears*, the Court upheld the district court's rejection of the crack guidelines and the imposition of a sentence based on a 20:1 ratio between crack and powder. *Id.* at 844. The Court noted that a district court may adopt its own crack to powder ratio in order to reach a sentence that comports with the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id.*

In April 2009, the United States Department of Justice announced that it would ask courts to use a 1:1 ratio between powder and crack cocaine in sentencing criminal defendants. In addition, it appears that Congress is poised to revise the statutory penalty scheme to eliminate

---

[2] Counsel for the Government did ask that, should I apply the powder cocaine guidelines range rather than the crack cocaine guidelines range, I make it explicit in the record, so that should the United States Sentencing Guidelines be amended to eliminate the powder/crack disparity, and the amendment be made retroactive, the record will reflect that Defendant is not eligible for a sentence reduction in those circumstances.

the crack/powder disparity. These decisions were based on numerous considerations that are well documented in case law, Congressional testimony, and reports of the U.S. Sentencing Commission, and which I will not reiterate here. *See, e.g.*, Lanny A. Breuer, Assistant Attorney General for the Criminal Division of the U.S. Department of Justice, Testimony before the U.S. Senate (April 29, 2009), http://judiciary.senate.gov/pdf/09-04-29BreuerTestimony.pdf; *Kimbrough v. United States*, 128 S.Ct. 558, 568 (2007) (discussing Sentencing Commission reports detailing problems with the crack/powder disparity). I concur that the crack/powder disparity in sentencing is difficult to justify and results in disproportionate sentences for defendants who are responsible for comparable conduct.

If Defendant were to be sentenced based on a 1:1 ratio of crack to powder, that is, based on 147 grams of powder cocaine, his guideline range would be calculated as follows: the base offense level would be 30, but applying the career offender guideline increases the offense level to 32,[3] with a three-level adjustment for acceptance of responsibility resulting in a total offense level of 29, and the criminal history category remains at VI. This results in a sentence range of 151-188 months.

I believe the current crack/powder disparity in the guidelines serves no legitimate sentencing purpose, and the crack guidelines in this case called for a sentence that was in excess of what was necessary to address the sentencing factors set forth in 18 U.S.C. § 3553(a). In this particular case, I think that a sentence of 144 months, slightly below the low end of the guideline range for an identical powder cocaine offense, is sufficient, but not greater than necessary, to serve the sentencing goals of deterrence, rehabilitation, incapacitation, and retribution.

---

[3] The offense levels under the career offender guideline are based on the statutory maximum penalty for the instant offense. Based on 147 grams of powder cocaine, the statutory maximum penalty would be 20 years. This corresponds to an offense level of 32. *See* U.S.S.G. § 4B1.1.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered this 18th day of August, 2009.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

Case 6:09-cr-00006-NKM-RSB   Document 60   Filed 08/18/09   Page 5 of 5   Pageid#: 91