IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal Case No. 6:09cr00006-1** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **JERRY WALLACE CARTER,** | ) | **By: Norman K. Moon** |
| **Petitioner.** | ) | **United States District Judge** |

Jerry Wallace Carter, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging the legality of his sentence in light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). Upon review of the motion and court records, however, I conclude that the current § 2255 motion must be dismissed as an unauthorized, successive motion.

Carter challenges his 144-month sentence for conspiring to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Court records indicate that Carter previously filed two § 2255 motions regarding the same conviction and sentence, which I dismissed. *See* Docket Nos. 87, 93, 94, 98, 103, and 104. I may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria.[1] *See* § 2255(h). As Carter has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, I must dismiss the current action without prejudice.

[1] I note that in *United States v. Hairston*, No. 12-8096, 2014 U.S. App. LEXIS 10846, 2014 WL 2600057 (4th Cir. June 11, 2014), the Fourth Circuit held that "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." *Cf.* 28 US.C. § 2255(h). In the instant matter, however, there are no new facts upon which Carter is relying and, thus, *Hairston* is inapplicable.

Pursuant to Standing Order 2015-5, the Office of the Federal Public Defender for the Western District of Virginia was appointed to consult with petitioner to determine whether he may qualify for federal habeas relief in light of *Johnson*. *See* Docket No. 108.

ENTER: This 17th day of September, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE