CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/8/2019
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> JERRY WALLACE CARTER, JR., <br> *Defendant.* | CASE NO. 6:09-cr-00006-001 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

The matter is before the Court on Defendant's Motion to Reduce Sentence and Reply to United States' Response Pursuant to the First Step Act of 2018 – Immediate Release Eligible. (Dkt. 132). The Government has filed a response (Dkt. 134), supplementing its response pursuant to this Court's January 25, 2019 Order (Dkt. 131). Defendant has moved to amend his initial motion to reflect his agreement with the last position taken by the Government.[1] (Dkt. 135). The parties do not request a hearing and the matter is now ripe for a decision. For the following reasons, the Court will grant the Motion and reduce the sentence to 136 months, but not less than time served, and will reduce the period of supervised release to four years.

On February 26, 2009, Defendant was indicted and charged with four counts of drug offenses. In Count One, Defendant was charged with conspiracy to possess with intent to distribute and to distribute 50 or more grams of a mixture or substance with a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846. (Dkt. 3). At the time of sentencing, a drug offense subject to § 841(b)(1)(A)

---

[1] The Court finds Defendant's initial response and motion to reduce sentence, which sought a reduction to time served or to 103 months (which would be below time served) (Dkt. 132) sufficient to permit the sentence reduction which the Court will order. The Court, therefore, will deny Defendant's Motion to Amend (Dkt. 135) as moot. Under the circumstances of this case, no further pleadings are necessary.

carried a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment.[2]

On June 1, 2009, Defendant entered into a written plea agreement and pleaded guilty to Count One of the Indictment. Under the plea agreement, Defendant stated that he understood that because of his prior criminal record he might be treated as a career offender under U.S.S.G. § 4B1.1 if the Court determined that he had at least two prior convictions for felony drug offenses and/or crimes of violence. (Dkt. 39, 40, 41). The Presentence Report ("PSR"), using the career offender enhancement and the maximum possible sentence of imprisonment for life, determined Defendant's Base Offense Level to be 37, rather than a lower level that would have resulted absent the enhancement. After an adjustment for acceptance of responsibility, the PSR concluded that the Total Offense Level was 34. (Dkt. 112 ¶¶ 21-23). The PSR also concluded that Defendant's criminal history category should be VI with or without his status as a career offender. (Dkt. 112 ¶¶ 40-41). The resulting Guideline range was 262 to 327 months with a mandatory minimum and maximum of ten years to life imprisonment and a mandatory minimum of five years of supervised release. (Dkt. 112 ¶¶ 66, 68-69).

The Court at the sentencing hearing found the PSR correctly calculated the applicable Guidelines in this case, including an advisory Guideline range of 262 to 327 months. (*See* Dkt. 60 at 2). The Court sentenced Defendant to be imprisoned for a total term of 144 months, below the Guideline range, to be followed by five years of supervised release. (Dkt. 62 at 2-3). The Government and Defendant inform the Court that Defendant's current release date is October 16, 2019, according to the federal Bureau of Prisons website. (Dkt. 131 at 2; Dkt. 132 at 4).

---

[2] As part of the Plea Agreement, the Government agreed not to file an Information under 21 U.S.C. § 851 or seek an additional enhancement of the penalty range beyond that of the Defendant's career offender status. (Dkt. 40 at 3).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220, 124 Stat. 2372), that was committed before August 3, 2010." *Id*. § 404(a). The First Step Act further provides that the court is not required to reduce any sentence pursuant to § 404. *Id.* § 404(c).

Modifications of sentences of imprisonment under the First Step Act are governed by the Act and 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a) to the extent they are applicable." *Dillon v. United States*, 560 U.S. 817, 826 (2010).[3]

The parties agree, and the Court finds, that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. (Dkt. 131 at 6; Dkt. 132). The offense was

---

[3] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

committed before August 3, 2010, and the applicable penalties were modified by the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 2267 (2017). As relevant in this case, a violation subject to 21 U.S.C. § 841(b)(1)(A) must now involve at least 280 grams of cocaine base rather than the "at least" 50-gram level in effect at the time of Defendant's offense and sentencing. The Government states that "because he was charged with fifty grams or more of cocaine base and not 280 grams or more, under the First Step Act, the new statutory range for his offense is 5 to 40 years." (Dkt. 131 at 6). Thus, under the First Step Act, the Defendant would no longer be subject to 21 U.S.C. § 841(b)(1)(A)'s ten years to life imprisonment range but rather to § 841(b)(1)(B)'s five to 40 year penalty range. This distinction is important here because application of the First Step Act in this case lowers Defendant's career offender Base Offense Level from 37 to 34 under U.S.S.G. § 4B1.1.

Defendant initially requested a reduction in his sentence to time served or to 103 months (below time served). (Dkt. 132 at 1, 4). Although Defendant's Motion to Amend (Dkt. 135) will be denied as moot, the grounds stated in that motion reflect an agreement with the sentence reduction the Court will order.

The Government initially opposed a reduction in the original term of imprisonment imposed (Dkt. 131 at 7) but subsequently informed the Court that it does not oppose the Defendant's request to reduce his sentence and submitted that an appropriate sentence is 136 months, but not less than time served, and four years supervised release (Dkt. 134 at 1). The Defendant agrees with the Government's submission. (*See* Dkt. 135).

After a review of the record, the arguments of the parties, and consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a modification of Defendant's sentence pursuant to the First Step Act of 2018 is consistent with the Act and appropriate in this case. This is a reduction of eight months from Defendant's original sentence. A sentence of 136 months, but not less than time served, furthers the factors set forth in § 3553(a), which, among other things, require consideration of the need to protect the public, deterrence, and the avoidance of sentencing disparities among similarly situated defendants. Accordingly, the Court will order that Defendant's sentence be modified to 136 months imprisonment, but not less than time served. *See United States v. Laguerre*, No. 5:02-cr-30098, 2019 WL 861417, at *3 (W.D. Va. Feb. 22, 2019) (discussing reasons for not reducing defendant's sentence to below time served).

The parties agree that a term of four years supervised release is appropriate. Application of 21 U.S.C. § 841(b)(1)(B) rather than 21 U.S.C. § 841(b)(1)(A) lowers Defendant's minimum supervised release period from five years to four years. The Court previously imposed the statutory minimum period of supervised release and the Court finds a reduction to four years is consistent with the Court's original imposition of the minimum period of supervised release applicable to Defendant and the purposes and goals of supervised release. The Court will reduce Defendant's period of supervised release from five years to four years.

All other terms of Defendant's original sentence shall remain the same.

The Government requests that if the Court imposes a reduction to a sentence at or near time-served, that the order be stayed up to 10 days to allow the Bureau of Prisons sufficient time to process the Defendant's release. (Dkt. 131 at 1). Defendant objects and requests that any order for a time-served sentence include immediate release. (Dkt. 132 at 3). The Court finds the

Government's request well-grounded under the circumstances of this case, particularly as Defendant may be at or near the end of the sentence which will be imposed. The Court, therefore, will stay the effective date of this Order to allow the Bureau of Prisons sufficient time to calculate and process the Defendant's new release date.

The Court will enter a separate order. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

ENTERED: This __8th__ day of March 2019.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE